## Budzinski v. Friello

*Kenneth S. Budzinski,* pro se.
*Barbara J. Friello,* pro se.

HODGE, *J.,* July 20, 2010—This case was before the court on June 9, 2010, for a custody hearing to determine the issue of where the minor child, Chelsea Budzinski

should reside. The parties are the natural parents of Chelsea who is currently 17 years old. Chelsea was born on May 13, 1993, and currently resides with her father, Kenneth Budzinski, the plaintiff in this action.

Prior to a custody complaint being filed in this matter, Chelsea resided with her mother, Barbara Friello, the defendant, until June 1, 2009. On or about that date, the defendant evicted Chelsea from her household. For approximately six months thereafter, Chelsea stayed with various relatives. When the plaintiff became aware of Chelsea's unstable living arrangements, he contacted his daughter and made the necessary arrangements so that Chelsea could live with him. Plaintiff did not have immediate knowledge of Chelsea's situation due to the fact that he is a long-haul truck driver and was on the road at that time.

Plaintiff, believing that he could best serve Chelsea's needs and provide a more environment for her to live, presented this court on January 14, 2010 with a complaint for custody. A custody conference was consequently scheduled for February 16, 2010, at which time the court ordered that plaintiff be awarded primary physical custody of the minor child and the parties shall have shared legal custody. The defendant was also granted partial custody each week from Friday at 6 p.m. until Saturday at 4 p.m. At the completion of the custody conference, the court determined that a hearing on the matter was necessary, as the underlying issue of where Chelsea should live had not been resolved.

This court must now make a determination, regarding the most appropriate custody arrangements for the minor

child. In doing so, this court bases its decision on what is the best interest of the child. The best interest of the child is determined by considering all factors that legitimately affect the child's physical, intellectual, moral and spiritual well-being. *Arnold v. Arnold,* 847 A.2d 674, 677 (Pa. Super. 2004). Such consideration must be made on a case by case basis. *Moore v. Moore,* 535 Pa. 18, 634 A.2d 163 (1993).

The court further considers each parent's ability to care for the needs of Chelsea. A parent's ability to care for a child must be determined at the time of the custody hearing, and not as of an earlier time. *Wiseman v. Wall,* 718 A.2d 844 (Pa. Super. 1998). Both plaintiff and Chelsea testified to the emotional instability of the defendant. Defendant herself has admitted to having been diagnosed with bi-polar disorder and anxiety. Chelsea has expressed her love for her mother, and wishes to maintain a relationship with her, however, the defendant's inability to establish some level of emotional stability affected almost every aspect of Chelsea's daily life while she lived with her mother.

Due to the defendant's current diagnosis, she is unable to work and consequently relies on Social Security disability and support payments from plaintiff to maintain her current standard of living. Plaintiff, on the other hand, is able to work and does have a full-time job, which allows him to better care for Chelsea. While the court is concerned that the plaintiff's job requires him to be away from home for extended periods of time, Chelsea has reported that she gets along well with her father's girlfriend, Charlene Brown, who lives at plaintiff's house. Chelsea further testified that while she is at her father's,

she eats better, as meals are regularly cooked, and she sleeps better, as she is more comfortable in general at plaintiff's residence.

While the court does not solely consider the testimony of Chelsea, it does rely heavily on her preferences because the court finds that not only does Chelsea establish that she is a mature and intelligent young lady, but also that she is nearly an adult, being less then 10 months away from her eighteenth birthday. Consequently, this court finds that her preference to live at her father's residence to be an equal factor in conducting a best interest analysis. See *e.g. Carlisle Appeal,* 225 Pa. Super. 181, 310 A.2d 280 (1973); *Snellgrose Adoption Case,* 432 Pa. 158, 247 A.2d 596 (1968).

Taking all the above factors into consideration, the court finds that the child's interest is best served by plaintiff being awarded primary physical and legal custody of Chelsea Budzinski, subject to the partial custody rights of the defendant as outlined in the attached order.

## ORDER

And now, July 20, 2010, these casing being before the court for a custody hearing on June 9, 2010 with both parties appearing pro se, and with the parties not having reached an agreement; it is hereby ordered, adjudged and decreed that:

(1) The plaintiff shall have primary physical and legal custody of the minor child, Chelsea Budzinski born on May 13, 1993, subject to the partial custody rights of the defendant as outlined below. All parties shall execute any and all documents or releases necessary to effectuate legal custody, including but not restricted to, authorizations and/or releases for school reports, medical reports,

insurance documents and documents required by state, local or federal authorities.

(2) The defendant is awarding partial custody rights with the minor child every Friday at 6 p.m. until Saturday at 4 p.m. This schedule may need to be periodically changed by the parties pursuant to the minor child's work schedule.

(3) The minor child is free to contact the defendant whenever she feels necessary and is encouraged by this court to continue to maintain a relationship with her.

(4) In any transporting of the minor child, all parties and anyone involved with such transportation shall comply with the laws and regulations of the Commonwealth of Pennsylvania including those regarding child safety restraint apparatus in any vehicle used to transport the child.

(5) The parties are directed to fully cooperate with each other in fulfilling the requirements of this order and all other orders in connection with this matter. Failure to do so may result in sanctions being imposed by the court upon the offending party including suspension of custody and payment of attorney's fees.

(6) No party shall remove the minor child from the jurisdiction of this court with the intent of changing the physical residence of the minor child without written consent of the other party or the court.

(7) This order of court supersedes all prior custody provisions in the within captioned case.

(8) The parties shall read and fully comply with the provision of the appendix to custody order which is at-

238

tached hereto [not published herein] and filed with this order.

(9) The prothonotary shall properly serve notice of this order and opinion by regular mail or personal service upon counsel of record and any party not represented by counsel at their last known address.